FILED

JAN 30 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MARK ANTHONY ORTEGA
         Plaintiff,

v.

FAIR OFFER NETWORK LLC, a New
Hampshire Limited Liability Company, and
VINCENT MICHAEL TREFETHEN
         Defendants.

§
§
§
§
§
§
§
§
§
§

Case No:

SA26CA0751

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.      This action seeks statutory damages and injunctive relief to stop Defendant Fair Offer Network LLC, ("FON"), Defendant Vincent Michael Trefethen (collectively "Defendants") from placing unsolicited and unlawful telemarketing calls to Plaintiff Mark Anthony Ortega ("Plaintiff") to sell him properties. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2.      Despite Plaintiff's repeated and unequivocal requests to not be contacted, Defendants persisted in their unlawful telemarketing campaign. Defendants' own text messages explicitly identified the source as "Vincent Trefethen's account," establishing the personal involvement of the individual Defendant.

3.      Defendants' conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, depletion of his phone battery and time.

**BACKGROUND ON THE TCPA**

4.      Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting

Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

5.    Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

6.    The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

8.    Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing

additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

9.      In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

10.     This Court has personal jurisdiction over the Defendants as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendants purposefully availed themselves of the privilege of conducting activities within the State of Texas.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

12.     Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

13.     Defendant Fair Offer Network LLC is a New Hampshire Limited Liability Company with a principal office at 11 S Main St, Unit 200, Concord, NH 03301. It may be served with process through its Registered Agent: United States Corporation Agents, Inc., 1 New Hampshire Avenue S125, Portsmouth, NH 03801.

14.     Defendant Vincent Michael Trefethen is a natural person and the Managing Member of Fair Offer Network LLC. He may be served at his residence: 55 SW 11th St, Apt 2311, Miami, FL, 33130.

15.     Defendants are considered both a "person" as that term is defined by 47 U.S.C. § 153(39).

### FACTUAL BACKGROUND

16.     On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

17.     Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

18.     Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

19.     Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

20.     Plaintiff has never had any prior business relationship with Defendants, has never been a customer, and has never granted express written consent to Defendants or any entity acting on their behalf to receive telemarketing calls.

21.     Starting on or around October 2025, Plaintiff began receiving numerous unsolicited telemarketing calls and texts to Plaintiff's Number. The purpose of these calls was to try and sell Plaintiff properties.

22.     Specifically, on October 2, 2025, at approximately 9:57 AM, Plaintiff received a text from the phone number (405) 295-7214, stating "…We locked up some new properties that

might be good for you. To stop messages and unsubscribe reply DELETE. MSG From - Vincent Trefethen's account - Fair Offer Network LLC". This message explicitly identifies Defendant Vincent Michael Trefethen as the owner of the account sending the messages, establishing his direct participation in the telemarketing scheme.

23.    On October 5, 2025, from the same phone plaintiff received the following message "Hi Mao, just checking back in. I've got a few new deals in Texas that might interest you. Would you like me to share them?"

24.    Plaintiff responded minutes later stating "Delete I'm not interested do not contact me I'm on the national and Texas do not call lists"

25.    Despite this clear revocation of any perceived consent and explicit instruction to stop, Defendants ignored Plaintiff's request.

26.    Defendants continued to send additional telemarketing messages to Plaintiff to which Plaintiff agains responded "Stop contacting me".

27.    The unauthorized telemarketing calls that Plaintiff received from Defendants have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

28.    In response to these calls, Plaintiff brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, TBCC, as well as an award of statutory and actual damages and costs.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

29.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28.

30.    The TCPA prohibits any person or entity of initiating any telephone solicitation to

a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31.    At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendants' calls.

32.    Defendants, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of real estate services and properties.

33.    Defendants did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

34.    The aforementioned violations were made willfully and knowingly as Plaintiff specifically notified them that he was on both the National and Texas Do Not Call Lists.

35.    As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d))**

36.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 28.

6

37.     The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. *See* 47 C.F.R. § 64.1200(d)(6).

38.     Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

39.     As alleged herein, on multiple occasions on or around October 2025, Plaintiff made clear and unequivocal requests to Defendants to stop contacting him.

40.     Despite these direct requests, Defendants failed to record and honor Plaintiff's do-not-call requests and continued to initiate or cause to be initiated telemarketing calls to Plaintiff's Number.

41.     Defendants' failure to have procedures in place to honor do-not-call requests, and their subsequent calls to Plaintiff after he had instructed them to stop, constitute multiple, separate violations of 47 C.F.R. § 64.1200(d).

42.     The aforementioned violations were made willfully and knowingly. Defendants' willful intent is evidenced by the pattern of continued calls after Plaintiff's repeated requests.

43.     As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

## COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

44.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28.

45.    Defendants engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting Plaintiff to purchase real estate services and properties.

46.    Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

47.    A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on January 27, 2026, confirmed that neither Defendant is registered. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

48.    Defendants' failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

49.    Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

**COUNT IV**
**Violation of the Texas Business and Commerce**
**(Tex. Bus. & Com. Code § 305)**

50.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 28.

51.    Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

52.     As alleged in detail in Counts I and II Defendants violated 47 U.S.C. § 227 by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call Registry, by failing to honor Plaintiff's direct do-not-call requests, and utilizing and automatic telephone dialing system to place calls to Plaintiff.

53.     Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

54.     Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

55.     Furthermore, because Defendants' violations were committed knowingly or intentionally, as evidenced by their pattern of repeated calls after Plaintiff's direct requests to stop, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendants, jointly and severally:

A. For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendants' violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

C. For Defendants' violations of the Texas Business & Commercial Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

9

D.  Issue a permanent injunction prohibiting Defendants, their agents, and employees from

placing any further telephone solicitations to Plaintiff in violation of the TCPA and the

Texas Business and Commerce Code;

E.  Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other

litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §

302.302(d);

F.  Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed

by law; and

G.  Grant any other and further relief, both at law and in equity, that this Court deems just

and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.


Dated: January 27, 2026                                  Respectfully submitted,


                                                         _____
                                                         Mark Anthony Ortega
                                                         Plaintiff, Pro Se
                                                         mortega@utexas.edu
                                                         PO Box 702099
                                                         San Antonio, TX 78270
                                                         210) 744-9663