IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § | |
| *Plaintiff,* | § § § | SA-26-CV-00751-JKP |
| vs. | § § § | |
| FAIR OFFER NETWORK LLC, A NEW HAMPSHIRE LIMITED LIABILITY; AND VINCENT MICHAEL TREFETHEN, | § § § § § § | |
| *Defendants.* | § § | |

## **POST-CONFERENCE ORDER**

Before the Court in the above-styled cause of action is Defendant Vincent Michael Trefethen's Motion to Strike Jury Demand and to Drop or Sever Fair Offer Network LLC from the Plaintiff's Complaint [#23]. This case was referred to the undersigned for all non-dispositive pretrial proceedings [#4]. Plaintiff and Defendant Trefethen, both of whom are proceeding *pro se*, appeared before the undersigned at an Initial Pretrial Conference held via videoconference on May 28, 2026. During the conference, the undersigned issued an oral ruling denying Defendant's motion, which is confirmed in this Order.

Through his motion, Defendant Trefethen asks the Court to dismiss or sever Defendant Fair Offer Network LLC from this action. As the undersigned explained during the Initial Pretrial Conference, Defendant Trefethen lacks standing to seek dismissal of parties other than himself. Fair Offer Network, against which default has been entered, may request this relief on its own behalf—if it obtains counsel. As explained in the Court's prior order, LLCs cannot

1

represent themselves or be represented by individuals who are not admitted lawyers in federal court [#25].  *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

As for severance, Rule 21 of the Federal Rules of Civil Procedure permits the severance of any claim or party into separate suits to promote judicial economy and avoid prejudice.  Fed. R. Civ. P. 21; *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).  Defendant Trefethen argues that Fair Offer Network should be severed because its issues with service and the entry of default against it are separate from Defendant Trefethen's personal defenses in this action.  The entry of default against a defendant alone, however, is not generally a basis for severance.  It would not promote the judicial interest of finality nor avoid prejudice to sever Fair Offer Network before Plaintiff's claims against Defendant Trefethen are resolved.

Defendant Trefethen also requests that the Court strike Plaintiff's jury demand. Plaintiff demanded a jury in his Complaint.  (*See* Compl. [#1], at 10.)  This demand for a jury complies with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 38(b) ("On any issue of triable right by a jury, a party may demand a jury trial by . . . serving a party with a written demand— which may be included in a pleading.").  As the undersigned explained during the conference, the Seventh Amendment generally guarantees plaintiffs the right to a jury trial in civil cases.  *See also* Fed. R. Civ. P. 38(a) ("The right to a trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by federal statute—is preserved to the parties inviolate.").  Although there are some types of civil cases where plaintiffs are not entitled to a jury trial, claims brought pursuant to the Telephone Consumer Protection Act are not among them.  The Court will therefore deny Defendant Trefethen's motion.

**IT IS THERFORE ORDERED** that Defendant Vincent Michael Trefethen's Motion to Strike Jury Demand and to Drop or Sever Fair Offer Network LLC from the Plaintiff's Complaint [#23] is **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 2nd day of June, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE